# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHAD SHANKS,** individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 4:14CV1599 HEA |
| ST. LOUIS COUNTY, MISSOURI, | ) ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice [Doc. No. 37). Defendant opposes the motion. For the reasons set forth below, the Motion will be granted.

## BACKGROUND

Plaintiff was employed by Defendant as an hourly-paid animal control officer worker. He filed a Complaint on September 12, 2014, alleging, *inter alia,* violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff purports to bring this FLSA putative collective action on behalf of similarly situated animal control officers from September 2009 to the present to recover unpaid wages and overtime compensation.

Specifically, Plaintiff alleges in Count I that Defendant failed to pay overtime wages for time worked in excess of 40 hours per week and unpaid straight time in violation of the FLSA. Plaintiff asserts Missouri law claims of: a breach of contract claim in Count II, a quantum meruit claim in Count III, and an unfair enrichment claim in Count IV.

## DISCUSSION

**Motion for Conditional Class Certification**

Plaintiff identifies the putative class as hourly-paid animal control officers employed by Defendant between September 2009 and the present. Defendant opposes the motion, arguing that Plaintiff has presented no evidence to support his request to conditionally certify this case as a collective action.

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to work a week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29

U.S.C. § 216(b); *Schmaltz v. O'Reilly Auto. Stores, Inc.,* No. 4:12-CV-1056-JAR, 2013 WL 943752, at *2 (E.D. Mo. March 11, 2013).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" for purposes of a collective action. *Littlefield v. Dealer Warranty Servs., LLC,* 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010). "The first step is the 'notice stage,' in which plaintiffs seek early conditional class certification and notify potential class members of the case." *Bilskey v. Bluff City Ice, Inc.,* No. 1: 13-CV-62 SNLJ, 2014 WL 320568, at *1 (E.D. Mo. Jan. 29, 2014) (quoting *Littlefield,* 679 F. Supp. 2d at 1016). The plaintiffs' burden at this stage is not an onerous one; instead, " '[c]onditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.' " *Littlefield,* 679 F. Supp. 2d at 1016 (quoting *Schleipfer v. Mitek Corp.,* No. 1:06CV109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29, 2007)). "Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence." *Bilskey,* 2014 WL 320568, at *2 (citation omitted). However, plaintiffs may not meet their burden through unsupported allegations of additional plaintiffs or widespread violations of the FLSA. *Id.* The Court does not reach the merits of the plaintiffs' claims or determine whether class members are actually similarly situated at this stage of the litigation. *Id.* If the Court conditionally certifies the

class, the potential class members are given notice and an opportunity to opt-in. *Wilson v. PNK (River City), LLC,* No. 4:15CV00380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015).

The second step is the "merits stage" and occurs when the defendant moves to decertify the class, typically after the close of discovery. *Bilskey,* 2014 WL 230568, at *2. "Applying a stricter standard, the court at the second step makes a factual determination on the similarly situated question." *Wilson,* 2015 WL 5098716, at *2.

Upon consideration of the motion, the Court finds that, in light of the lenient notice standard, Plaintiff "ha[s] cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate." *Bowman v. Doe Run Res. Corp.,* No. 4:13CV2519 CDP, 2014 WL 3579885, at *4 (E.D. Mo. July 21, 2014). In support of Plaintiff's claim, Plaintiff presents his declaration indicating that during the period of employment, he and other hourly-paid animal control workers sometimes worked more than 40 hours per week.

In response, Defendant argues that Plaintiff has failed to produce any evidence of a common plan resulting in unpaid overtime. Plaintiff counters by pointing out that he has produced time records demonstrating that pre-shift and post-shift work performed was not compensated. Moreover, Plaintiff responds to Defendant's claim that uncompensated "break time" is not forbidden; Plaintiff

argues that animal control officers working for Defendant very often worked through their "break time" without compensation.

The Court finds this to be sufficient evidence to demonstrate the putative class members were victims of a single decision, policy, or plan. *See Davenport v. Charter Commc'ns, LLC,* No. 4:12CV0007 AGF, 2014 WL 1272783, at *5 (E.D. Mo. Mar. 27, 2014) (conditionally certifying class where declarants "stated that specific supervisors and trainers knew about and directed them to follow procedures resulting in unpaid work"); *Schmaltz,* 2013 WL 943752, at *6 (finding sworn statements of management personnel trained in and carrying out the time-keeping practice, as well as statements from employees with direct knowledge of time record alterations to be sufficient for conditional certification); *but see Wacker v. Personal Touch Home Care, Inc.,* No. 4:08CV93 CDP, 2008 WL 4838146, at *3 (E.D. Mo. Nov. 6, 2008) (finding the complaint and a single affidavit did "not constitute substantial allegations that they and the other members of the proposed collective action were victims of a single decision, policy, or plan to deprive them of pay for actual hours worked an corresponding overtime"). Based upon the allegations and the declaration presented by Plaintiff, the Court finds that Plaintiff has met his modest burden to show that conditional certification is proper. *Bowman,* 2014 WL 3579885, at *6.

**Notice to Class Members**

Defendants argue that, in the event this Court conditionally certifies the class, the notice should be modified to remove the notice that it is authorized by the Court because it implies that the Court endorses the action. The Court finds that such change is not warranted. Indeed, "the court should not alter plaintiffs proposed notice unless certain changes are necessary." *Littlefield,* 679 F. Supp. 2d at 1018 (citation omitted). Nothing in the notice indicates this Court's endorsement, rather, the notice advises prospective class members that the action is authorized by the Court. These are separate concepts that are not interchangeable. See *White v. 14051 Manchester, Inc*, 2012 WL 5994263 (E.D. Mo Nov. 30, 2012).

Defendants also argue that Plaintiff incorrectly seeks to notify a three year putative class when the class should consist of a two year putative class. Plaintiff argues that the three year statute of limitations is proper. Plaintiff has pled willfulness in this matter, and therefore, at the present time, the three year reach of the notice is proper. *Id*.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice [Doc. No. 37] is granted.

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class of all current and former hourly-paid animal control officers employed by Defendant during the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Your Right to Join Lawsuit and Consent Form, (Ex. 12) are approved and shall be disseminated by regular mail and email and by posting notice in the company's breakrooms.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff's counsel within 10 days from the date of this Opinion a computer readable data file containing the name, last known mailing address and email address, and dates of employment for each putative member of the conditionally certified class.

**IT IS FURTHER ORDERED** the parties will provide a status report to the court within 90 days of the date of this order and every 90 days thereafter.

Dated this 18th day of February, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE